IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV179-03-MU

| | |
|---|---|
| MICKEY REID VINCENT, | ) |
| Plaintiff, | ) |
| v. | )  **O R D E R** |
| SAMUEL JAMES BROWN, JR. | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, (Document No. 1 ) Defendant's Motion for Summary Judgment (Document No. 9) and Plaintiff's response to Defendant's Motion (Document No. 12.)

### I. FACTS

In his Complaint Plaintiff, who is a double amputee of the lower limbs, alleges that on March 26, 2002, while housed at the Gaston County Jail, he was subject to a "shakedown" search by jail employee, Defendant Brown, in which he was placed in such a position as to "expose his buttocks and privates to everyone." Plaintiff alleges that Defendant instructed him to go over to the table in the day room while he searched Plaintiff's cell. After searching Plaintiff's cell, Defendant instructed Plaintiff to hop up onto the table while he searched Plaintiff's wheelchair. Defendant them told Plaintiff to lay on his stomach across the table. Defendant them pulled down Plaintiff's pants, and spread Plaintiff's buttocks. Plaintiff alleges that he was humiliated and degraded by the search. Plaintiff does not allege any physical injury, but contends that was mentally stressed out as a result of the incident and requested to see a psychiatrist.

1

Defendant contends that on March 26, 2002, Plaintiff and some other inmates checked out razors for shaving. Because one of the razors was not returned, the jailors, including the Defendant, began to do cell searches to locate the missing razor. According to the Defendant, it was a known fact among the jailors that inmates in wheelchairs, including the Plaintiff, sometimes hid contraband in the pipes or other parts of the wheelchair.[1] Defendant and several other jailors conducted cell searches and strip searches of several prisoners in an attempt to locate the missing razor. Defendant contends that he conducted a reasonable search of Plaintiff and a visual inspection of Plaintiff's buttocks area with reasonable suspicion that Plaintiff was concealing contraband. See Defendant Affidavit, Ex. B to Deft's Mot. For Summary Judgment.)

## II. STANDARD OF REVIEW

Under Rule 56© of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. This standard, by its very terms, provides that the mere existence of some alleged factual dispute between the parties will not defeat a properly supported summary judgment motion; rather the rule requires that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Moreover, the

---

[1] Defendant also contends that the jailors were aware that Plaintiff had previously hidden contraband in his body cavities, however Defendant provides no evidence to support this fact.

2

moving party has the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes will demonstrate the absence of any genuine issue of material fact." Celotex Corp. v. Cateret, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P.56(c).

### III. ANALYSIS

**A. Plaintiff has Failed to State a Claim**

On March 26, 2002, the date Plaintiff was searched by Defendant, Plaintiff was a pretrial detainee housed at the Gaston County Jail. The treatment and the conditions of restraint of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment. Robles v. Prince George's County, 302 F.3d 262 (4th Cir. 2002). In order to conclude that Plaintiff's rights under this clause were violated, it is necessary to find that Defendant's actions amounted to punishment and were not merely an "incident of some other legitimate governmental purpose," Bell v. Wolfish, 441 U.S. 520 (1979), and that the injury resulting from their actions was more than de minimus. Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). A condition or restriction of detention constitutes impermissible punishment, if Plaintiff can show either an expressed intent to punish or a lack of a reasonable relationship to a legitimate non-punitive governmental objective, from which punishment may be inferred.. Hill v. Nicodemus, 979 F.2d 987 (4th Cir. 1992). In the absence of actual intent to punish, if a particular condition or restriction is reasonably related to a legitimate non-punitive governmental objective, it does not amount to punishment. Bell, 441 U.S. at 539.

Viewing the facts in the light most favorable to the Plaintiff, as this Court must do, Plaintiff

has not established an express intent to punish or a lack of relationship to a legitimate governmental objective. The Defendant's actions were reasonably related to the legitimate objective of finding the missing razor. A missing razor in the jail context could easily become a serious threat to the safety of the jailors as well as other prisoners. Plaintiff was specifically searched as he was one of the people who checked out a razor for shaving that day. Therefore searching Plaintiff was specifically related to the legitimate objective of locating a potentially dangerous weapon. Additionally, Plaintiff has not alleged an injury resulting from Defendant's actions that is more than de minimus. Because Defendant's actions were reasonably related to the legitimate objective and finding a missing razor, which could be used as a dangerous weapon and Plaintiff has not suffered more than a de minimus injury, this Court finds that Plaintiff has failed to state a claim for relief.[2]

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief and Defendant's Motion for Summary Judgment is Granted.

---

[2] Additionally, it appears that Defendant would be entitled to the defense of qualified immunity in that he was acting within the scope of his authority when he conducted the search and he did not knowingly violate any law. There is no evidence to suggest that Defendant's conduct constituted a violation of clearly established constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982); see Leverette v. Bell, 247 F.3d 160 (4th Cir. 2001)( associate warden was acting within the scope of her authority when she conducted a body cavity search of employee, based on a tip that the employee was concealing contraband in her body cavity, even if the search exceeded the scope permissible under the applicable guidelines and did not conform to formal procedures).

**Signed: July 25, 2005**

Graham C. Mullen
Chief United States District Judge